DECISION AND JOURNAL ENTRY
The State of Ohio appeals the decision of the Lorain County Court of Common Pleas, granting judicial release to defendant Joseph Moon. This court reverses.
 I.
In October 1996, while awaiting trial on a robbery charge, Moon drove four friends to the home of Cleveland Hawthorne. One of Moon's accomplices had a gun. One accomplice shot Hawthorne in the face. Shortly after the assault, Moon drove the accomplices to another location where Moon assisted in disposing of the gun.
On December 17, 1996, Moon was indicted for one count of complicity to commit felonious assault, a second degree felony in violation of R.C. 2923.03(A)(2) and 2903.11(A)(2), and one count of complicity to tampering with evidence, a third degree felony in violation of R.C. 2923.03(A)(2) and 2921.12(A)(1). During the pendency of the instant offenses, Moon pled guilty to the prior robbery charge, and was sentenced to probation. On October 20, 1997, Moon pled guilty to the instant charges, and on January 16, 1998, Moon was sentenced to two years for the felonious assault charge and one year for the evidence tampering charge. The court ordered that the sentences be served consecutively.
On July 16, 1998, Moon moved the trial court for judicial release, pursuant to R.C. 2929.20. The trial court held a hearing on the motion on August 7, 1998, and that same day granted Moon judicial release.[1] The State filed the instant appeal, making a single assignment of error.
 II. The trial court erred in granting appellee judicial release in that the trial court failed to make the findings required by R.C. 2929.20(H)(1) and (2).
 The state has asserted that the trial court erred because, upon granting judicial release, the court failed to make the requisite statutory findings that (1) a sanction other than a prison term will adequately punish the offender and protect the public, and (2) a sanction other than a prison term will not demean the seriousness of the offense. R.C. 2929.20(H). The state argues that the statute requires the court to specify on the record both statutory findings, supported by reference to the factors listed in R.C. 2929.12 that are pertinent to the instant case. R.C. 2929.20(H)(2). The state's assignment of error is well-taken.
R.C. 2929.20 governs judicial release for persons convicted of and sentenced for a crime committed on or after July 1, 1996. Section H of that statute outlines the findings that a trial court must make, if the court decides to grant judicial release. That section reads:
 (1)A court shall not grant a judicial release under this section to an eligible offender who is imprisoned for a felony of the first or second degree, or to an eligible offender who committed an offense contained in Chapter 2925. or 3719. of the Revised Code and for whom there was a presumption under section 2929.13 of the Revised Code in favor of a prison term, unless the court, with reference to factors under section 2929.12 of the Revised Code, finds both of the following:
 (a) That a sanction other than a prison term would adequately punish the offender and protect the public from future criminal violations by the eligible offender because the applicable factors indicating a lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism;
 (b) That a sanction other than a prison term would not demean the seriousness of the offense because factors indicating that the eligible offender's conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating that the eligible offender's conduct was more serious than conduct normally constituting the offense.
 (2) A court that grants a judicial release to an eligible offender under division (H)(1) of this section shall specify on the record both findings required in that division and also shall list all the factors described in that division that were presented at the hearing.
R.C. 2929.20(H).
Moon was charged with complicity to commit felonious assault, in violation of R.C. 2923.03(A)(2) and 2903.11(A)(2), and complicity to tampering with evidence, in violation of R.C.2923.03(A)(2) and 2921.12(A)(1). Moon's conviction for complicity to commit felonious assault is a second degree felony, which carries a presumption that a prison term is necessary. R.C.2923.03(F), 2903.11(B), and 2929.13(D). At the sentencing hearing, the trial court noted that it had examined the record, victim impact statement, and pre-sentence report, to properly consider the seriousness and recidivism factors listed in R.C.2929.12. The court pointed out that Moon committed the offense for hire as an organized criminal activity, a factor indicating that "the offender's conduct is more serious than conduct normally constituting the offense," pursuant to R.C. 2929.12(B)(1). The court also found that: Moon committed the instant offenses while he was out on bond for the robbery offense; Moon had an adjudication of delinquency; and Moon had demonstrated a pattern of drug or alcohol abuse, related to the offense. All of these are factors indicating a likelihood that Moon will commit future crimes, pursuant to R.C. 2929.12(D)(1), (2), and (4).
At the hearing on the motion for judicial release, the state again raised these statutory factors that mitigated against early release. The court did not address these factors either at the hearing or in its order granting Moon's release.
In a factually similar situation, this court reversed the trial court's grant of judicial release, where the court failed to enter the requisite statutory findings on the record, pursuant to R.C. 2929.20(H). State v. Capers (Dec. 22, 1999), Lorain App. No. 98CA007199, unreported. This court stated in Capers that although the defendant had demonstrated remorse over her criminal behavior, this court had to reverse the grant of judicial release.Id. at 4. In the instant case, Moon failed to demonstrate remorse even when the court attempted to elicit from Moon some acknowledgement of responsibility and statement of remorse.
This court finds that there is clear and convincing evidence that the trial court failed to follow the procedures set forth in R.C. 2929.20 when it granted Moon judicial release. See R.C.2953.08(G)(2)(b). The state's assignment of error is well-taken. The decision of the trial court granting judicial release is reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
SLABY, J., BATCHELDER, J., CONCUR.
[1] In the journal entry, the trial court stated that it was granting Moon shock probation, pursuant to R.C. 2947.061. Shock probation was the method by which a trial court could grant early release to a defendant who had been incarcerated, but who had a minimal prior criminal history. With the passage of Senate Bill 2, effective July 1, 1996, R.C. 2947.061, the shock probation statute was repealed with reference to crimes committed on or after the effective date of the statute. In its place, the legislature passed a judicial release statute, R.C. 2929.20.